This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Fred Crutchfield, appeals the decision of the Medina County Court of Common Pleas, which ordered appellant enjoined and restrained from operating an independent transportation business on his residentially zoned property. This Court affirms.
 I.
{¶ 2} Appellant's family has owned the property located at 2280 Ridgewood Road in Sharon Township for several decades. From the time Sharon Township implemented zoning, this property has been zoned as residential, with the exception of a brief period of time that the area was zoned recreational. The property has never been zoned for use of a commercial or an industrial nature.
{¶ 3} On August 4, 1998, the zoning inspector for Sharon Township issued a notice of a zoning violation for appellant's property located at 2280 Ridgewood Road. The zoning inspector ordered appellant to discontinue using the property for the independent operation of a transportation business, in violation of its residential zoning. Appellant had been conducting a commercial hauling business from his property, which involves appellant fielding calls from drivers and re-directing them to pick up and haul material from different points in the country. Appellant also owns numerous large hauling vehicles, which he allows the drivers to use for his company business. Appellant never appealed the zoning inspector's order to the township board of zoning appeals. Instead, appellant continued operating his business from his residential property.
{¶ 4} On November 19, 1999, appellee, Sharon Township Board of Trustees, filed a complaint for preliminary and permanent injunction against appellant and his business, Satin Ride Equine Transportation, Inc. The parties later stipulated that the property was in fact being used in violation of the Sharon Township Zoning Resolution. The parties could not agree upon the language for the journal entry for their case. Appellee's concern was that appellant would cease completely from operating his commercial hauling business on his residential property.
{¶ 5} The trial court requested that both parties provide briefs in support of their respective language choice for the journal entry. On November 6, 2001, the trial court ordered a remedy to the language disagreement, providing its judgment within a journal entry based upon the briefs and stipulations of the parties. Appellant was enjoined and restrained from operating his commercial hauling business on his residential property. Appellant requested a stay of judgment, the trial court refused it, and the journal entry became effective on February 6, 2002.
{¶ 6} Appellant timely appealed and has set forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION AND WENT BEYOND ITS AUTHORITY IN THE OVERLY BROAD LANGUAGE OF ITS NOVEMBER 6, 2001, JUDGMENT ENTRY."
{¶ 8} In his sole assignment of error, appellant asserts that the trial court abused its discretion and went beyond its authority in the overly broad language of its November 6, 2001, judgment entry. Appellant specifically argues that the language of the judgment entry prohibiting appellant from storing his hauling vehicles, used in his independent transportation business, on his property is overly broad. Appellant subsequently concludes that the trial court abused its discretion with the language of its judgment entry. This Court disagrees.
{¶ 9} In making a determination as to the review of a trial court decision, this Court must apply an abuse of discretion standard. Nauthv. Sharon Twp. Bd. of Zoning Appeals (Sept.2, 1998), 9th Dist. No. 2754-M. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 10} Appellee derives its authority to enforce the Sharon Township Zoning Resolution from R.C. 519.23, which states:
 {¶ 11} "In case any * * * land is or is proposed to be used in violation of * * * any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, * * * may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful * * * use. The board of township trustees may employ special counsel to represent it in any proceeding or to prosecute any actions brought under this section."
{¶ 12} Under this authority, appellee filed a complaint against appellant for a zoning violation of the property located at 2280 Ridgewood Road. Appellee requested both (1) a preliminary injunction to enforce appellee's order to appellant to discontinue commercial use of the property and (2) a permanent injunction to ensure that appellant ceases operating his hauling business on the property. "In order for the trial court to grant an injunction under [R.C. 519.23], the Township is required to prove only the violation of the zoning resolution; it need not prove irreparable injury or that there is no adequate remedy at law."Bd. of Trustees of Columbia Twp. v. Albertson (Oct. 17, 2001), 9th Dist. No. 01CA007785.
{¶ 13} Appellee provided proof that appellant was clearly in violation of the Sharon Township Zoning Resolution. Appellant's property was zoned as R-1, a residential district, and appellant stipulated to such in the judgment entry. Appellant further stipulated in the judgment entry that he was operating an independent transportation business from that same property, in violation of the resolution. Section 601-1(A) of the Sharon Township Zoning Resolution addresses residential districts and lists the permitted uses for such property:
{¶ 14} "1. A single Family Dwelling.
{¶ 15} "2. Accessory Elderly Dwelling Unit.
 {¶ 16} "3. Home occupation in dwelling used as a private residence.
{¶ 17} "4. Agriculture.
 {¶ 18} "5. Roadside stands consisting of removable structures and solely for the display and sale of products produced on the premises, provided suchstands are at least thirty (30) feet back from the traveled portion of the road.
 {¶ 19} "6. Accessory buildings and uses but excluding tents, cabins, trailer, coaches, and all other temporary living quarters except no more than one trailer coach may be temporarily used as a residence for not more than sixty (60) days in any one year for any purpose and not more than sixty (60) consecutive days."
{¶ 20} The trial court found that appellant's commercial hauling business was not a proper use of his residentially zoned property. In its judgment entry, the trial court gave the following orders:
 {¶ 21} "Defendant Fred Crutchfield is hereby enjoined and restrained from the operation of an independent transportation business, including but not limited to: dispatching vehicles; maintaining, storing or servicing vehicles, vehicle parts or accessories associated with the independent transportation business; receiving telephone calls from customers; or maintaining an office, files, records, employees for the independent transportation business on the property located at 2280 Ridgewood Road so long as the property remains zoned to prohibit such activity.
 {¶ 22} "Defendant Fred Crutchfield is further prohibited from conducting any other commercial activity prohibited by the Sharon Township Zoning Resolution. By stipulation of the parties, Defendant Fred Crutchfield shall have 90 days from filing of this Journal Entry to relocate his business and comply with the mandates of this Court Order."
{¶ 23} Appellant argues that the trial court's language in the judgment entry is overly broad, and therefore it abused its discretion in its orders to appellant. "Equity requires that an injunction should be narrowly tailored to prohibit only the complained of activities."Eastwood Mall, Inc. v. Slanco (1994), 68 Ohio St.3d 221, 224. After careful review of the entire record, this Court finds the language in the judgment entry is not overly broad and is narrowly tailored in scope to prohibit only the complained of activities. The record shows that appellant conducted his commercial hauling business from his residential property. Appellant owned numerous large hauling vehicles, which the drivers used in the business, and he stored and serviced them on his residential property. The judgment entry language specifically addressed the above vehicles because their use was clearly commercial.
{¶ 24} This Court finds the trial court's judgment entry enjoining and restraining appellant from any further dispatch, maintenance, storage, or servicing of these large hauling vehicles was sufficiently narrow in its language. The judgment entry enjoins and restrains all activity and use of property "for the independent business on the property located at 2280 Ridgewood Rd. so long as the property remains zoned to prohibit such activity."
{¶ 25} The judgment entry speaks solely in terms of commercial activity and limits its scope to property used in the independent transportation business. It prohibits appellant from continuing to store his numerous large hauling vehicles, the primary use of which is clearly for the furtherance of the operation of his commercial hauling business, on his residential property. Therefore, the November 6, 2001 judgment entry is not overly broad.
 III.
{¶ 26} Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
{¶ 27} The Court finds that there were reasonable grounds for this appeal.
{¶ 28} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 29} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
{¶ 30} Costs taxed to appellant.
{¶ 31} Exceptions.
SLABY, P.J., concurs; BAIRD, J., dissents.